UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

FELICIA E. NELSON and PETE MASTRANDREA
as Trustees of the Local 804 Pension Fund,

                        Plaintiffs,

            vs.

ROUTE MESSENGER SERVICES, INC. d/b/a
ROUTE MESSENGER SERVICE CORP,
MITCHELL KURTZER, SCHEDULED EXPRESS,
INC., NETWORK DELIVERY SERVICE
CORPORATION, TRANSPORTATION
LOGISTICS CONSULTING, LLC, and MRK
ASSOCIATES INC.,

                        Defendants.

-------------------------------------------------------------- x

**CV 11 - 6358**

Case No.

**COMPLAINT**

FILED 
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 29 2011 ★

BROOKLYN OFFICE

## COMPLAINT

     Plaintiffs Felicia E. Nelson and Pete Mastrandrea as Trustees ("Trustees") of the

Local 804 Pension Fund ("Pension Fund"), by their undersigned attorneys, Cohen, Weiss and

Simon LLP, for their complaint allege as follows:

### Introduction

     1.     This is an action by the Trustees as trustees and fiduciaries of the Pension

Fund, a multiemployer pension plan, for monetary and declaratory relief pursuant to Sections

4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as

amended ("ERISA"), 29 U.S.C. §§1381 through 1405 and 1451, to collect withdrawal liability in

the amount of $2,233,555, incurred by defendant Route Messenger Services, Inc. d/b/a Route

Messenger Service Corp ("Messenger") due to the Pension Fund for its withdrawal from the

Pension Fund on or about August 8, 2005.

     2.     The Trustees also bring this action against the following entities, which,

on information and belief, are part of Messenger's controlled group and are therefore also liable,

jointly and severally with Messenger, for the withdrawal liability: Scheduled Express, Inc. ("Scheduled"), Transportation Logistics Consulting, LLC ("Transportation"), MRK Associates Inc. ("MRK"), and Network Delivery Service Corporation ("Network") (together with Messenger, the "Companies").

3.      The Trustees also bring this action against Scheduled and an individual, Mitchell Kurtzer (together with the Companies, "Defendants"), to pierce the corporate veil and/or for successor and/or alter ego and/or single employer liability, to hold Kurtzer and Scheduled jointly and severally liable for Messenger's withdrawal liability and for amounts awarded by a judgment obtained by the Trustees against Messenger in the amount of $201,691.00 plus post-judgment interest.

## Jurisdiction and Venue

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, Section 301(a) of the LMRA, 29 U.S.C. §185(a), Sections 502(a)(3), 502(f), 515, and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§1132(a)(3), 1132(e)(1), 1132(f), 1132(g), 1145, and 1451(a), (b), and (c).

5.      Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), as the Pension Fund maintains its principal office in this district.

## The Parties

6.      Plaintiffs are Trustees of the Pension Fund within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002 (21)(A), and within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Trustees are the named fiduciaries of the Pension Fund and have discretionary control over the assets and administration of the Pension Fund.

7.    The Board of Trustees is comprised of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act of 1947 (the "LMRA"), 29 U.S.C. § 186(c)(5). The Pension Fund is governed by a Restated Agreement and Declaration of Trust (the "Trust Agreement"), as amended from time to time. The Pension Fund maintains its principal place of business at 34-21 Review Avenue, Long Island City, New York 11101.

8.    The Pension Fund is a multiemployer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and an "employee pension benefit plan" within the meaning of Section 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A), that is subject to the withdrawal liability provisions of Title IV of ERISA.

9.    Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund.

10.    Upon information and belief, Messenger is, and at all times relevant to this action has been, a New Jersey corporation registered to do business in New York, with its principal facilities located at one or more of the following addresses: 58-77 Maurice Avenue, Maspeth, NY 11378; 110 North Wood Avenue, Linden, NJ 07036; and 280 Broadway, New York, New York 10007. Messenger is, and at all times relevant to this action, has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), section 301 of the LMRA, 29 U.S.C. 152(2), and the Pension Funds' Trust Agreements.

11.    Upon information and belief, Scheduled is, and at all times relevant to this action has been, a New York corporation registered to do business in New York with its principal facilities located at one or more of the following addresses: 350 Morgan Avenue,

- 3 -

Brooklyn, NY 11211; 85 Hoffman Lane, Islandia, NY 11749; 8 Drake Avenue, New Rochelle, NY 10805; and 149 West 24th Street, New York, NY 10011.

12.     Upon information and belief, Network is, and at all times relevant to this action has been, a New Jersey corporation registered to do business in New Jersey with its principal facilities located at one or more of the following addresses: 219 Metuchen Road, South Plainfield, New Jersey 07080 and 247 Franklin Avenue, P.O. Box 47, Nutley, New Jersey 07110.

13.     Upon information and belief, Transportation is, and at all times relevant to this action has been, a New York corporation registered to do business in New York with its principal facilities located at one or more of the following: 350 Morgan Avenue, Brooklyn, NY 11211 and 250 E 40th Street, Apartment 6C, New York, New York 10016.

14.     Upon information and belief, MRK has been a New York corporation with its principal facility located at 734 Franklin Avenue, Suite 611, Garden City, New York 11530.

15.     Upon information and belief, Messenger, Scheduled, Network, Transportation, and MRK are each owned in whole or in part by Kurtzer.

16.     Kurtzer is also listed as the registered agent and/or principal officer with the state for Network, Transportation and MRK.

17.     Upon information and belief, Kurtzer resides at 250 E 40th Street, New York, New York 10016-1721.

## Factual Basis For Claims

Messenger's Withdrawal Liability due to the Pension Fund

18.     Messenger was bound to a series of collective bargaining agreements with Local 804, I.B.T. (the "Union"), including for the period January 1, 2003 through November 30, 2005 (the "CBA").

-4-

19.     The Pension Fund is a third party beneficiary of the CBA.

20.     The CBA and the Trust Agreement are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145. In addition, the CBA is an agreement within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, between the Union, a labor organization representing employees in industries affecting commerce, and Messenger.

21.     Upon information and belief, in or around August 2005 (other than any subsequent operations under different names), Messenger ceased its operations covered by the CBA and permanently ceased to have an obligation to contribute to the Pension Fund, thereby effecting a complete withdrawal from the Pension Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. §1383(a) and the Trust Agreement.

22.     As a result of Messenger's complete withdrawal from the Pension Fund, Messenger became liable to the Pension Fund for withdrawal liability in the amount of $2,233,555.00 ("Withdrawal Liability"), pursuant to Section 4201 of ERISA, 29 U.S.C. §1381, and the Trust Agreement.

23.     By letter dated December 8, 2005, the Pension Fund notified Messenger ("Notice and Demand") of the amount of the Withdrawal Liability of $2,233,555.00, and of the schedule for withdrawal liability payments, and demanded the first payment by February 6, 2012. The Notice and Demand was sent to Messenger at 280 Broadway, New York, New York 10007. The Pension Fund demanded payment in accordance with the schedule, as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1), and the Trust Agreement.

24.     To date, Messenger has failed to make any payment toward the Withdrawal Liability.

25.     Pursuant to Article VII, Section 1(e)(II) of the Trust Agreement, "[a]n Employer is in default on its Withdrawal Liability payments if [*inter alia*] there is an assignment for the benefits of creditors with respect to the Employer . . . ." Under Section 1(e)(III), "[i]n the case of a default on Withdrawal Liability, the Trustees may require immediate payment of the outstanding balance of the Employer's Liability, plus accrued interest on the total outstanding amount from the due date of the first payment which was not timely made."

26.     In or around October 2005, Messenger assigned its assets to a trustee for the benefits of creditors. *In the Matter of the General Assignment for the Benefits of Creditors of Route Messenger Service, Inc.*, Docket No. 0-3047, Superior Court of New Jersey Chancery Division: Probate Part, Union County ("Assignment").

27.     As a result of the Assignment, Messenger defaulted on its Withdrawal Liability.

28.     On or about January 4, 2006, the Trustees filed a proof of claim in the Assignment for the full amount of the Withdrawal Liability.

29.     In addition, by this complaint, the Trustees demand payment of the full amount of the Withdrawal Liability.

<u>The Judgment Against Messenger</u>

30.     On December 30, 2005, this Court granted a motion for summary judgment against Messenger, awarding $365,697.46 to the Pension Fund and an affiliated welfare fund. *Redmond, et al. v. Route Messenger Service, Inc.*, 05-CV-02606 (CBA)(KAM) (Docket 21). The Court awarded the Pension Fund $201,691.11 (the "Messenger Judgment"), including delinquent contributions, interest, liquidated damages, and attorney's fees and costs.

31.     None of the $201,691.11 due to the Pension Fund under the Messenger Judgment has been paid.

Scheduled, Network, Transportation, MRK, and Kurtzer

32.     In 2005, during collective bargaining negotiations between Messenger and the Union, Kurtzer said that if the Union continued to pressure Messenger he would shut down Messenger and file for bankruptcy, specifically in order to defeat the Union in negotiations.

33.     Kurtzer also offered to pay employees "off the books" if they agreed to his terms.

34.     In addition, at a meeting between Union representatives and Kurtzer also in 2005, Kurtzer announced plans to open Scheduled, and to bring drivers, office staff, and supervisors from Messenger to Scheduled.

35.     Upon information and belief, Kurzter told customers of Messenger he was opening his operations as a new business, Scheduled, and would be operating in connection with another company called Columbus Delivery Service, an apparently unrelated company.

36.     On June 21, 2005, just at the time that Messenger was ceasing to operate, Kurtzer formed Scheduled.

37.     Kurtzer formed Scheduled in whole or in part to avoid Messenger's liability to the Pension Fund and to avoid its obligations to the Union and Messenger's employees.

38.     Kurtzer directed customers from Messenger to Scheduled, before and after Messenger closed down.

39.     Kurtzer also directed managers from Messenger to Scheduled.

40.     Scheduled is an ongoing business, providing delivery services out of several locations in the New York metropolitan area, in the same or similar geographic areas as Messenger, and performing the same type of work as Messenger.

41.     Kurtzer also directed Messenger assets to himself personally instead of satisfying its obligations to its creditors, including the Pension Fund.

42.     Upon information and belief, Messenger, Scheduled, Network, Transportation, and MRK, are each owned in whole or in part by Kurtzer, such that each is in the same controlled group as Messenger.

## FIRST CAUSE OF ACTION
### Messenger's Withdrawal Liability

43.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

44.     Section 4301(b) of ERISA provides that in an action to compel an employer to pay withdrawal liability, the "employer's failure to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 515 [of ERISA] 29 U.S.C. §1451(b).)"

45.     Section 515 of ERISA, 29 U.S.C. §1145. requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

46.     Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that:

> In any action brought by a fiduciary on behalf of a plan to enforce
> Section 515 in which a judgment in favor of the plan is awarded,
> the court shall award the plan,
> (a)     the unpaid contributions,
> (b)     interest on the unpaid contributions,
> (c)     an amount equal to the greater of

(i)  the interest on the unpaid contributions or;

(ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent of the [unpaid contributions],

(d)  reasonable attorney's fees and costs of the action, and

(e)  such other legal or equitable relief as the court deems appropriate.

47.  The applicable interest rate is set forth in the Pension Fund's Trust Agreement or as set out in ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2).

48.  Messenger's failure to remit the accelerated lump sum payment constitutes a failure to make withdrawal liability payments under ERISA Section 4301(b) and a violation of Section 515 of ERISA, 29 U.S.C. §1145, thereby giving rise to an action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

49.  The Trustees are entitled to $2,233,555.00, the accelerated lump sum amount of the Withdrawal Liability, plus interest at the rate set forth in the Trust Agreement, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. §1399(c)(5), calculated from "the due date of the first payment which was not timely made," February 6. 2006, through the date the liability is paid, plus liquidated damages and attorneys' fees and costs pursuant to ERISA Sections 502(g)(2), and 4301(b), 29 U.S.C. §§1132(g)(2), and 1451(b), and the Trust Agreement.

## SECOND CAUSE OF ACTION
### The Companies' Liability for the Withdrawal Liability

50.  Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

51.  The Companies are all in Messenger's controlled group, as defined in ERISA Section 4001(b)(1), 29 U.S.C. §1301(b)(1) and are therefore jointly and severally liable for Messenger's Withdrawal Liability to the Pension Fund.

## THIRD CAUSE OF ACTION
### Scheduled's Liability for the Messenger Judgment

52.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

53.     Because Messenger and Scheduled operated as a single entity, with common ownership, common management, shared employees, and a lack of arms-length dealings, Scheduled is an alter egos of Messenger, and/or a single and/or joint employer, and is thus jointly and severally liable for the Messenger Judgment.

54.     Because there are sufficient indicia of continuity between Messenger and Scheduled, Scheduled is a successor of Messenger and thus jointly and severally liable for the Messenger Judgment.

## FOURTH CAUSE OF ACTION
### Kurtzer's Liability for the Messenger Judgment and Withdrawal Liability

1.     Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

2.     Kurtzer should be personally liable, jointly and severally with the remaining defendants, for the Messenger Judgment and for the withdrawal liability because, *inter alia*, he was the controlling official of Messenger who dominated and controlled Messenger, because he disregarded the formality of Messenger as an entity with interests separate from his own and from the interests of the other Companies, and because such actions caused harm to the Funds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants as follows:

- 10 -

    A.    Declaring that Scheduled and Messenger are a single entity and/or single employer and/or joint employers and/or alter egos and/or successors; and

    B.    Declaring that Kurtzer individually dominated and controlled Messenger and disregarded the corporate formalities between the Companies, and as entities with interests separate from his and their own; and

    C.    Ordering Scheduled and Kurtzer to pay the Trustees the Messenger Judgment plus applicable interest; and

    D.    Ordering the Defendants to pay $2,233,555.00 to the Pension Fund in withdrawal liability, plus applicable interest and liquidated damages pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); and

    E.    Ordering the Defendants to pay the Trustees' reasonable attorney's fees and costs of this action; and

    F.    Ordering such other legal or equitable relief as the Court deems appropriate.

Dated: New York, New York
        December 29, 2011

Jani K. Rachelson
Bruce S. Levine
Zachary N. Leeds
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, NY 10036-6976
212-563-4100
jrachelson@cwsny.com
blevine@cwsny.com
zleeds@cwsny.com

Attorneys for Plaintiffs