UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FELICIA E. NELSON and PETE MASTRANDREA
as Trustees of the Local 804 Pension Fund,

                    Plaintiffs,

                    vs.

**MEMORANDUM AND ORDER**

ROUTE MESSENGER SERVICES, INC. d/b/a
ROUTE MESSENGER SERVICE CORP,
MITCHELL KURTZER, COLUMBUS
MANAGEMENT SYSTEM, INC., SCHEDULED
EXPRESS, INC., TRANSPORTATION
LOGISTICS CONSULTING, LLC, and MRK
ASSOCIATES INC.,

11-CV-06358 (ENV)(SMG)

                  Defendants.
-----------------------------------------------------------------x

**VITALIANO, D.J.**

On February 25, 2013, Defendants in this action requested a pre-motion conference to discuss a proposed Rule 12(b)(6) motion to dismiss. At the December 4, 2012 pre-motion conference, the Court denied Defendants' earlier request to move to dismiss, directing the parties to complete discovery and to resolve legal issues at the summary judgment stage. In spite of the Court's December 4 ruling, Defendants have submitted their renewed request in hopes of mooting a discovery dispute in which the parties now find themselves embroiled.

After reconsidering the pleadings, the Court conveys its preliminary impression that plaintiffs have falied to state a claim for fraudulent conveyance claim under New York's Debtor-Creditor Law, CLPR §§ 273-276. The allegedly valuable asset that was transferred—the "good will" and client base that Defendant Kurtzer had built up on behalf of Route Messenger Services—would have been a worthless asset to any bus company without the participation of Kurtzer himself. In other words, the item of value was not a sheet of paper containing the names

1

of Route Messenger's former clients, but was instead Kurtzer himself and the relationships he had developed with those clients. The Court is extremely skeptical that the "transfer" of Kurtzer's employment from Route Messenger to Scheduled can serve as the basis for a fraudulent conveyance claim.

Moreover, the pleadings and submissions of the parties make clear that the actual "conveyance" occurred no later than November 2005, when Kurtzer began working for Scheduled. It was at this point that Scheduled effectively obtained "possession" of the benefit of Kurtzer's relationships with his former clients. The precise dates on which he actually contacted clients after November 2005 are immaterial. Hence, because December 29, 2005 is the operative date for statute of limitations purposes, plaintiffs' fraudulent conveyance claim would likely be time-barred in any event.

Defendants may therefore move to dismiss plaintiffs' fraudulent conveyance claim, as well their other state law claims, on the grounds described above or any other relevant grounds. No pre-motion conference will be held, and the parties shall submit a joint briefing schedule no later than 3/15/2013. Of course, the impressions described above are preliminary, and the Court may reach a different conclusion after briefing.

SO ORDERED.

s/ ENV

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
March 6, 2013

2